Richard D. McCune (State Bar No. 132124)
rdm@mccunelawgroup.com
Emily J. Kirk (IL State Bar No. 6275282)*
ejk@mccunelawgroup.com
Valerie L. Savran (State Bar No. 334190)
vls@mccunelawgroup.com
**MCCUNE LAW GROUP, APC**
18565 Jamboree Road, Suite 550
Irvine, California 91761
Telephone: (909) 557-1250

Dana R. Vogel (AZ State Bar No. 030748)*
drv@mccunelawgroup.com
**MCCUNE LAW GROUP, APC**
2415 East Camelback Road, Suite 850
Phoenix, Arizona 85016
Telephone: 909-557-1250

*Attorneys for Plaintiff Carrie Nicholes and the Putative Class in Case. No. 5:25-cv-05380*

*Pro Hac Vice* applications to be submitted

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARRIE NICHOLES, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>7 CUPS OF TEA, CO., and DOES 1-5,<br><br>Defendants. | **Case No. 5:25-cv-05380-EJD**<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO ENTER DEFAULT JUDGMENT OR DIRECT ENTRY OF DEFAULT AGAINST DEFENDANT AS A SUSPENDED AND FORFEITED CORPORATION PURSUANT TO FED. R. CIV. PROC. 55; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Judge: Hon. Edward J. Davila**<br><br>**Hearing Date: October 16, 2025**<br>**Time: 9:00 a.m.**<br>**Courtroom: 4** |

-1-

Plaintiff's Notice of Motion to Enter Default Judgment, Memo of Points & Auth.    Case No. 5:25-cv-05380-EJD

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. Rule 55 (a) and (b)(2), on October 16, 2025 at 9:00 a.m. in Courtroom 4, 5th Floor of the United States District Court, Northern District of California, located at 280 South 1st Street, San Jose, CA 95113 before the Hon. Edward J. Davila, Plaintiff Carrie Nicholes will move the Court for an Order that Defendant 7 CUPS OF TEA, CO. cannot appear and defend this action as a forfeited and suspended corporation. Accordingly, default judgment and/or default must be entered against it.

## ISSUE PRESENTED

Under California Revenue and Taxation Code § 23301, does a defendant who is a corporation domiciled in California and whose status in California is identified as a forfeited corporation lose its powers and privileges, including the ability to defend legal proceedings, and thus cannot appear in this action or file a response such that default judgment and/or default must be entered against it?

## MEMORANDUM OF POINTS AND AUTHORITIES

This is a class action lawsuit filed by Plaintiff Carrie Nicholes ("Plaintiff") against Defendant 7 Cups of Tea, Co. ("7 Cups") arising out of allegations that 7 Cups has taken Plaintiff's and putative class members' names, identities, and reputations and placed them on the 7 Cups' website without their consent and without compensation, thereby misappropriating their likenesses and reputations and falsely advertising the availability of their services through 7 Cups, often using inaccurate information. The Complaint alleges that 7 Cups' misrepresentations mislead consumers while providing significant financial benefit to 7 Cups.

The Complaint in this action was filed on June 26, 2025. (ECF No. 1). 7 Cups waived service of process on July 17, 2025, making its deadline to answer Plaintiff's Complaint September 15, 2025. (ECF No. 7). To the extent this Motion is heard after that date, Plaintiff will separately stipulate to extend that deadline to a date after this Motion has been heard, reserving and without waiver of all rights to bring this Motion. *See* accompanying Declaration of Richard D. McCune ("McCune Decl." at ¶5). This Motion is not being filed at this time due to a failure by 7 Cups to appear but because 7 Cups cannot appear and defend this action, for the reasons set forth below.

7 Cups is a California-domiciled corporation, with its corporate offices located at 828 Bryant Street, Suite B, Palo Alto, CA 94301. *See* Statement of Information on file with the California Secretary

-2-

Plaintiff's Notice of Motion to Enter Default Judgment,   Case No. 5:25-cv-05380-EJD
Memo of Points & Auth.

of State, McCune Decl. Ex. 1. According to the official records of the California Secretary of State, 7 Cups is currently listed as "Forfeited-FTB/SOS". *See* McCune Decl., Exs. 1 and 2 (Secretary of State, Certificate of Status). This means 7 Cups has been suspended and its corporate status forfeited by the California Franchise Tax Board ("FTB") for failure to meet its tax obligations (e.g., due to the non-filing of tax returns and/or the non-payment of taxes) and/or by the Secretary of State ("SOS"). According to this official record, this is not an isolated occurrence -- 7 Cups has been listed as inactive since 2021. *Id.,* Ex. 1. And in the last month 7 Cups' registered agent for service of process has officially resigned, which is another requirement of doing business in California. *Id.* This certificate constitutes *prima facie* evidence of 7 Cups' suspended and forfeited status. California Revenue and Taxation Code § 23302 (c).[1]

Pursuant to California Revenue and Taxation Code § 23301, a forfeited corporation loses its powers and privileges, including the ability to maintain or defend legal proceedings. Specifically, pursuant to that section "the powers, rights, and privileges of a domestic taxpayer may be suspended, and the exercise of the powers, rights, and privileges of a foreign taxpayer in this state may be forfeited" if a corporation fails to pay taxes or file appropriate tax returns. Thus, a corporation such as 7 Cups that is identified as forfeited by the FTB: (a) loses its powers, rights, and privileges, including the right to defend itself in court, and (b) cannot prosecute or defend lawsuits, enter into contracts, or legally operate in this State under California Revenue and Taxation Code § 23301.

California state appellate courts have consistently held that a corporation may not defend against a lawsuit while an FTB forfeiture is in effect. A corporation suspended and identified as forfeited under California Revenue and Taxation Code § 23301 "cannot . . . prosecute or defend an action, seek a writ of mandate, appeal from an adverse judgment, or renew a judgment obtained before suspension." *City of San Diego v. San Diegans for Open Gov't,* 3 Cal. App. 5th 568, 577 (2016). In addition, "substantive defenses accruing during corporate suspension may not be applied to the benefit of a now-revived corporation." *Benton v. County of Napa*, 226 Cal. App. 3d 1485, 1491 (1991) (citations omitted). As 7 Cups engaged in the illegal conduct at issue during the period of its suspension (starting in at least 2021 and ongoing), any substantive defenses it may assert in defense to this action also cannot be revived, even

---

[1] As true and correct copies of an official government record, Plaintiffs request the Court take judicial notice of these documents pursuant to Fed. R. Ev. 201(b).

-3-

Plaintiff's Notice of Motion to Enter Default Judgment,    Case No. 5:25-cv-05380-EJD
Memo of Points & Auth.

if it later complies with its FTB obligations (which in light of its failure to comply with California's tax laws for the past four years, is unlikely).

This limitation is recognized and enforced in federal courts.  If a corporation based or operating in California is in forfeited status, a federal court will treat it as lacking legal capacity to defend litigation brought against it. *621 Two LLC v. LeGett, & Platt, Inc.,* No. CV 20-4883 PSG (EX), 2021 WL 4355450, at *2 (C.D. Cal. July 9, 2021), *aff'd*, No. 21-55871, 2022 WL 16916365 (9th Cir. Nov. 14, 2022). While 7 Cups is incorporated in Delaware and its status there is not clear (Exs. 1 and 2 of McCune Decl.), that status is not relevant to this determination since, by its express language, Section 23301 applies to both domestic and foreign corporations. In *Trajkovski Inv. AB v. I.Am.Plus, Elecs., Inc.*, No. 221CV04246ODWJEMX, 2022 WL 4093820, at *1 (C.D. Cal. Aug. 9, 2022), a defendant that was a foreign corporation sought relief from a final judgment entered against it based on a foreign arbitral award.  As of the time the lawsuit was filed and final judgment was entered confirming that award, the defendant's foreign corporation registration with the California Secretary of State was shown as "FTB forfeited" for failure to meet its tax obligations. The court found "'[a] corporation's incapacity to sue or defend in state court also *precludes it from suing or defending in federal court*.' *AMESCO Exp., Inc. v. Associated Aircraft Mfg. & Sales, Inc.*, 977 F. Supp. 1014, 1015 (C.D. Cal. 1997) (citing *In re Christian & Porter Aluminum Co.,* 584 F.2d 326, 331 (9th. Cir. 1978))." (emphasis added).  Relevant to this Motion, the Court went on to conclude: "Generally, foreign corporations that do not conduct intrastate business need not register. *See* Cal. Corp. Code § 2105(a). However, once a foreign corporation does register, if the corporation later forfeits that registration, '[a] status of 'forfeited' applies . . . and holds the same legal consequences as a 'suspension' for a domestic corporation.'" *Id.* at *5 (citations omitted). The Court held: "I.AM.PLUS does not cite to any apposite precedent supporting the notion that a forfeited foreign entity may nevertheless defend an action brought against them in California. *The Court therefore cannot conclude that I.AM.PLUS may move for relief from judgment despite its forfeited registration status*." *Id.* (emphasis added).

This Court must reach the same conclusion, as 7 Cups is domiciled, based in and registered as a corporation to do business in California. Because 7 Cups is currently in "FTB Forfeited" status, it cannot appear or defend itself in this action. Any attempts to respond to lawsuits, file motions, seek relief from

-4-

Plaintiff's Notice of Motion to Enter Default Judgment,    Case No. 5:25-cv-05380-EJD
Memo of Points & Auth.

this Court or participate in any court proceedings would necessarily be deemed void or unauthorized as no legal action can be validly taken by 7 Cups while its suspension and forfeiture remains in effect. As it cannot properly appear or file any formal response (other than in response to this Motion), and as the wrongful conduct at issue took place during the period of forfeiture or suspension, pursuant to Fed. R. Civ. Proc. Rule 55(a) and (b)(2), the Court must enter a default judgment or direct the Clerk to enter default against Defendant and conduct proceedings consistent with that default.

Dated: July 30, 2025                                    **MCCUNE LAW GROUP, APC**

*/s/ Richard D. McCune*
Richard D. McCune (State Bar No. 132124)
rdm@mccunelawgroup.com
Emily J. Kirk (IL State Bar No. 6275282)*
ejk@mccunelawgroup.com
Valerie L. Savran (State Bar No. 334190)
vls@mccunelawgroup.com
18565 Jamboree Road, Suite 550
Irvine, California 91761
Telephone: (909) 557-1250

Dana R. Vogel (AZ State Bar No. 030748)*
drv@mccunelawgroup.com
**MCCUNE LAW GROUP, APC**
2415 East Camelback Road, Suite 850
Phoenix, Arizona 85016
Telephone: 909-557-1250

*Attorneys for Plaintiff Carrie Nicholes and the Putative Class*

**Pro Hac Vice* applications to be submitted

-5-

Plaintiff's Notice of Motion to Enter Default Judgment,     Case No. 5:25-cv-05380-EJD
Memo of Points & Auth.